IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GREEN<br>2045 Morningside Avenue<br>Atlantic City, NJ 08401<br><br>　　　　　　Plaintiff,<br>　v.<br><br>VENTNOR BEAUTY SUPPLY, INC.<br>400 West Decatur Avenue<br>Pleasantville, NJ 08232<br>　　　And<br>ATLANTIC CITY BEAUTY<br>SUPPLY, INC.<br>400 West Decatur Avenue<br>Pleasantville, NJ 08232<br>　　　and<br>ADAM PRUSSEL<br>400 West Decatur Avenue<br>Pleasantville, NJ 08232<br>　　　and<br>GENE MASCO<br>400 West Decatur Avenue<br>Pleasantville, NJ 08232<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Michael Green (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201, *et. seq.*), the NJ Wage and Hour Law ("NJ WHL" - N.J.S.A. §§ 34:11-56a, *et. seq.*), the New Jersey Law against Discrimination ("NJ LAD" - N.J.S.A. §§ 10:5-1 *et. seq.*), and the Conscientious Employee Protect Act ("CEPA" - N.J.S.A. 34-19-1 *et. seq.*). Plaintiff asserts

herein that he was not paid overtime compensation in accordance with state and federal laws and that he was terminated retaliatorily in violation of numerous state and federal laws. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendants Ventnor Beauty Supply, Inc. ("Defendant VBS") and Atlantic City Beauty Supply, Inc. ("Defendant ACBS") are entities in New Jersey operating a warehouse and 5 retail locations. These 2 entities operate with the same management, with the use of

interchangeable names, and with the same resources, finances and staffing. They are a single enterprise and are properly considered the single, joint and/or integrated employer of Plaintiff. These businesses are hereinafter collectively referred to as "Defendant Entities."

8. Adam Prussel (hereinafter referred to as "Defendant Prussel") is the owner, primary shareholder, and president of Defendant Entities.

9. Gene Masco (hereinafter referred to as "Defendant Masco") has been and remains a high-level executive manager of Defendant Entities, oversees operations, oversees human resources, and day-to-day operations of Defendant Entities.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was employed with Defendants for in excess of 7 years, and he was considered a warehouseman. Plaintiff is a Caucasian male (relevant to one of the reasons for Plaintiff's termination from employment).

13. Defendants' physical enterprise generally consists of a larger-scale warehouse and 5 separate retail locations. They are as follows:

    (a) The retail locations of Defendants are: (1) Brigantine Beauty Supply & Salon in Brigantine, New Jersey; (2) Cherry Hill Beauty Supply & Salon in Cherry Hill, New Jersey; (3) Somers Point Beauty Supply & Salon in Somers Point, New Jersey; (4) Tilton Beauty Supply Salon & Spa in Northfield, New Jersey; and (5) Ventnor Beauty Supply & Salon in Ventnor, New Jersey.

    (b) A warehouse operated by Defendants is located at 400 West Decatur Avenue, Pleasantville, NJ 08232.

14. Plaintiff physically worked within Defendants' warehouse in Pleasantville, New Jersey. And Defendants' operation(s) was not limited exclusively to supplying locations throughout New Jersey, as Defendants also ship, distribute and sell products to smaller and larger stores all over the United States.

15. At all times during the course and scope of Plaintiff's employment with and for Defendants, he was *never* paid for overtime compensation despite regularly working at least 10-20 hours of overtime per week (in a 50 to 60-hour minimum workweek). Instead, Plaintiff was paid $550.00 per workweek regardless of how many overtime hours he worked.

16. Plaintiff could not possibly meet any exemption from overtime compensation, as Plaintiff's job consisted of him performing labor-related duties all day, every day. In particular:

(a) Plaintiff physically worked in a warehouse;

(b) Plaintiff did not perform white-collar duties in a desk space, did not utilize e-mail, and did not have any sort of business cards (just by examples of how non-white collar his employment was in his tenure);

(c) Plaintiff's typical workday consisted of him: (1) navigating around the warehouse with carts to manually select products from areas of the warehouse to manually package in boxes or for shipment; (2) physically loading and unloading boxes and skids of merchandise; (3) physically loading and unloading merchandise from vans or other drop offs / deliveries; and (4) stacking by hand up to 15 skids / pallets per day followed by him manually shrink-wrapping them;

(d) Plaintiff did not perform executive duties (under the "Executive Exemption" of state or federal law), he did not hire or terminate employees, he did not interview or give performance evaluations, and he had no control over raises for staff members; and

(e) Plaintiff's primary duties in the workplace consisted of him performing manual laborer as a warehouse worker.

17.     It cannot possibly be disputed that: (a) Plaintiff was non-exempt from overtime; and (b) that Plaintiff was never paid for overtime compensation while he was employed for Defendants.

18.     For all hours worked in excess of 40 hours per week, Plaintiff should have been paid at a rate of $20.63 per hour ($550 divided by 40 hours multiplied by 1.5). Plaintiff is owed at least $300.00 - $400.00 per week for every week he worked for Defendants in unpaid overtime compensation for a 3-year-lookback as permitted under state and/or federal law(s). In a 3-year-lookback, Plaintiff is therefore owed well in excess of $50,000.00 in unpaid overtime compensation.

19.     Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation as Defendants could never establish the subject and objective criteria to show they attempted in good faith to comply with state and/or federal laws concerning overtime compensation (and such liquidated damages are often referred to as "automatic" damages).[1]

---

[1] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

20. Defendants ran such a sweatshop requiring Plaintiff to work tremendous overtime and every weekend that they also refused to even give Plaintiff his actual paychecks to deposit himself when he asked for breaks so he can deposit same for income during his workday. Instead, Defendants told Plaintiff they were too busy, didn't want him taken any breaks, and Defendants' own management deposited Plaintiff's checks and gave him envelopes of cash to allow him to keep performing manual labor (without any extra break(s)).

21. Separate and apart from non-payment of overtime (and being owed in excess of $100,000.00 in unpaid overtime if liquidated damages are included), Plaintiff was also *unlawfully terminated* from his employment. There were multiple reasons Plaintiff was unlawfully terminated as follows:

(1) **Overtime Complaints**: Towards the end of his employment, Plaintiff expressed on numerous occasions that he believed he should of have been receiving overtime compensation to Defendants' management. Plaintiff was terminated shortly after his continued complaints and concerns of unpaid overtime compensation.

(2) **Objections to Disability Discrimination**: Defendant Prussel repeatedly, on a weekly basis, made disability-related statements towards an employee named Charles Stifel. Stifel, who has several health problems, including related to knee(s), endured tremendous discrimination by Defendant Prussel. Prussel referred to him as "Jerry's kid," "cripple," "retard," and other negative and highly offensive discriminatory comments. Defendant Prussel also admonished Plaintiff for attempting to assist Stifel with a medical accommodation of lifting or carrying. Plaintiff specifically told Defendant Prussel how he spoke and acted was discrimination and contrary to disability discrimination laws. Plaintiff was terminated shortly after his concerns of opposing discrimination on behalf of Stifel.

(3) **Objections to Racial / National Origin Discrimination**: Defendants' management ran Defendants in a *very* unscrupulous manner. In doing so, they had no qualm with disregarding immigration status or whether the employee was authorized to work in the United States. By way of example, a Hispanic employee named "Gill" performed the same type of work as Plaintiff. Upon information and belief, he was known to be an illegal alien, a felon, someone who was deported and returned illegally, but was kept on payroll of Defendants. Plaintiff complained to Defendants' management that: (a) illegal

6

(Hispanic) staff was treated better and more fairly than him; and (b) it was improper and illegal to have such employees working for Defendants.

22. Because Plaintiff engaged in protected activities by making the foregoing complaints leading up to his termination, Plaintiff was abruptly separated from Defendants. Plaintiff was told he was being "laid off" for lack of work despite that: (a) there was no lack of work; (b) Defendants retained less senior similarly situated employees, less qualified employees, and employees not authorized to even work in the United States; and (c) upon formation and belief even continued to hire for more work within Defendants. Plaintiff's termination was a complete pretext.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Wrongful Discharge)
### - Against All Defendants -

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. Plaintiff was terminated from Defendants for expressing concerns of unpaid overtime compensation.

25. Defendants Prussel and Masco are personally liable because they orchestrated the retaliatory termination of Plaintiff because of his protected activities. These same individual defendants perpetuated and/or knowingly allowed an unlawful overtime compensation to exist.

26. Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121,

123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation**
**- Against All Defendants -**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Defendants did not pay Plaintiff at a rate of time and one half for hours he worked beyond 40 hours per week.

29. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.

30. Plaintiff therefore seeks all remedies permitted under the FMLA for unpaid overtime compensation, as well as penalties and interest.

**Count III**
**Violations of the New Jersey Wage & Hour Law ("NJ WHL")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the NJ WHL.

**Count IV**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**(Discrimination & Retaliation)**
**- Against All Defendants -**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was terminated in retaliation for his opposition to disability discrimination to Defendants' management about and concerning Charles Stifel and also because he opposed discrimination in favor of Hispanic (and illegal) staff.

35. Plaintiff was subsequently replaced with Hispanic staff, and his termination for the aforesaid reasons constitutes unlawful discrimination and retaliation.

### Count V
### Violations of the Conscientious Employee Protection Act ("CEPA")
(Discrimination & Retaliation)
- Against All Defendants -

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was terminated for making good-faith complaints of illegality concerning unpaid overtime in violation of state and federal laws, discrimination, and use of illegal (unauthorized) work staff.

38. These complaints made by Plaintiff in close temporal proximity to his termination from employment constitute protected activities under CEPA. And his termination for same constitutes violations of CEPA.

### Count VI
### Violations of 42 U.S.C. § 1981
(Discrimination & Retaliation)
- Against All Defendants -

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff's termination based upon him not being Hispanic and because of his objections to discrimination based upon race also constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations, discrimination and retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G. Plaintiff is permitted to have a trial by jury.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

        Ari R. Karpf, Esquire
        3331 Street Road, Bldg. 2, Ste. 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: November 5, 2018