# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GREEN, | 1:18-cv-15673-NLH-AMD |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| VENTNOR BEAUTY SUPPLY, INC., et al., | |
| Defendants. | |

**APPEARANCES**

JULIA W. CLARK
YINAN MA
ARI R. KARPF
KARPF KARPF & CERUTTI PC
3331 STREET ROAD
TWO GREENWOOD SQUARE
SUITE 128
BENSALEM, PA 19020

   *On behalf of Plaintiff*

LAWRENCE BRENT BERG
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
15000 MIDLANTIC DRIVE
SUITE 200
PO BOX 5429
MT. LAUREL, NJ 08054

   *On behalf of Defendants*

**HILLMAN, District Judge**

   WHEREAS, on November 5, 2018, Plaintiff Michael Green filed a complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), among other laws, because he was not paid overtime compensation; and

WHEREAS, after a settlement conference with the magistrate judge on March 13, 2019, the parties reached a settlement of the matter; and

WHEREAS, on April 11, 2019, the parties filed a Joint Proposed Consent Order requesting that the Court approve their settlement (Docket No. 14); and

WHEREAS, because Plaintiff's claims are for alleged violations of the FLSA, the Court is required to review the settlement agreement and determine whether the matter concerns a bona fide dispute, and whether the settlement is a fair and reasonable resolution for Plaintiff, see Brumley v. Camin Cargo Control, Inc., 2012 WL 1019337, at *1 (D.N.J. 2012) ("Employees have two avenues for compromising an FLSA claim: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); and (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)."); Chillogallo v. John Doe LLC #1, 2018 WL 4735737, at *1 (D.N.J. 2018) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."); Bettger v. Crossmark, Inc., 2015 WL 279754,

at *3 (M.D. Pa. 2015) ("Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary.")); and

WHEREAS, the parties here have presented what is effectively a stipulated judgment, wherein the parties relate:

> 12. Defendants have offered to settle the instant lawsuit and in consideration for execution of a general release and waiver of claims by Plaintiff. This sum includes payment for alleged back wages, liquidated damages, costs and attorney's fees.
>
> 13. Plaintiff has accepted this offer of settlement, and all Parties find the settlement to be fair and reasonable.
>
> 14. In consideration of the monetary and non-monetary provisions set forth above, Plaintiff and Defendants resolve their dispute, waive adjudication on the merits, and agree to dismissal of the claims in this suit with prejudice.

(Docket No. 14 at 3); but

WHEREAS, the parties have not provided their settlement agreement to the Court or otherwise provided any other information about the settlement terms or the matters in contention other than the mere fact that a settlement has occurred, and the Court finds that such a vague articulation of the parties' settlement does not permit the Court to perform its required obligation to determine whether the matter concerns a

bona fide dispute and whether the settlement is a fair and reasonable resolution, cf. Chillogallo, 2018 WL 4735737, at *2 (filing a joint motion to approve the settlement of a single plaintiff's FLSA claim and providing the settlement agreement for the court's review); Rabbenou v. Dayan Foods, Ltd., 2017 WL 3315263, at *2 (D.N.J. 2017) (same); Morales v. PepsiCo, Inc., 2012 WL 870752, at *1 (D.N.J. 2012) (same, but the court not referencing the specific settlement amount in its decision); Brumley, 2012 WL 1019337, at *1 (in a 112 plaintiff collective action, the court initially denying the defendants' unopposed motion to file the parties' settlement agreement under seal because of the strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view as well as the public-private character of employee rights under the FLSA, and then approving the settlement after refiling a motion to approve the settlement without being under seal); and

WHEREAS, the Court therefore will decline to sign the Joint Proposed Consent Order provided by the parties, but will provide the parties with two avenues by which their settlement may be appropriately presented to the Court for consideration:

(1)  The parties may file a revised Joint Proposed Consent Order with a fuller explanation of why the parties believe the Court should determine that the matter

4

concerns a bona fide dispute and reflects a settlement that is a fair and reasonable resolution and attach as support for such a consent order, the settlement agreement, and any other relevant materials; or

(2) The parties may file a joint motion for settlement approval with the settlement agreement as an exhibit.

SO ORDERED.

Date: May 2, 2019  
At Camden, New Jersey

 s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.