```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

```
    MICHAEL GREEN,                    1:18-cv-15673-NLH-AMD

                 Plaintiff,           OPINION

         v.

    VENTNOR BEAUTY SUPPLY, INC.,
    et al.,
                 Defendants.
```

**APPEARANCES**

JULIA W. CLARK
YINAN MA
ARI R. KARPF
KARPF KARPF & CERUTTI PC
3331 STREET ROAD
TWO GREENWOOD SQUARE - SUITE 128
BENSALEM, PA 19020

   *On behalf of Plaintiff*

LAWRENCE BRENT BERG
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
15000 MIDLANTIC DRIVE - SUITE 200
PO BOX 5429
MT. LAUREL, NJ 08054

   *On behalf of Defendants*

**HILLMAN, District Judge**

   Plaintiff Michael Green filed a complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), among other laws, because he was not paid overtime compensation. After a settlement conference with the magistrate judge on March 13, 2019, the parties reached a

settlement of the matter.  Pending before the Court is the parties' joint motion to approve the settlement.

Because Plaintiff's claims are for alleged violations of the FLSA, the Court is required to review the settlement agreement and determine whether the matter concerns a bona fide dispute, and whether the settlement is a fair and reasonable resolution for Plaintiff.  See Brumley v. Camin Cargo Control, Inc., 2012 WL 1019337, at *1 (D.N.J. 2012) ("Employees have two avenues for compromising an FLSA claim: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); and (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)."); Chillogallo v. John Doe LLC #1, 2018 WL 4735737, at *1 (D.N.J. 2018) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) ( "When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."); Bettger v. Crossmark, Inc., 2015 WL 279754, at *3 (M.D. Pa. 2015) ("Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority

position and assumed that judicial approval is necessary.")).

The parties have settled the matter for $50,000 inclusive of attorneys' fees and costs. The parties have provided the Court with the settlement agreement, which details the procedural history of the case, the settlement amount for Plaintiff, the attorneys' fees, the release of his claims against Defendants, no admission of liability by Defendants, and the dismissal of the action with prejudice. (Docket No. 16-1.) Plaintiff will receive (1) $5,000.00 relating to his claim of economic damages, including any claim of overtime wages, less any and all appropriate withholdings and deductions, and an IRS Form W-2 shall be issued to Plaintiff for this amount, and (2) $24,709.86 for his claims of non-economic damages, and an IRS Form 1099 shall be issued to Plaintiff for this amount. Plaintiff's counsel shall receive $20,290.14 in fees and costs.[1]

---

[1] The FLSA provides, "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although it does not appear that the Third Circuit has addressed the issue, at least six other circuit courts of appeals have affirmed cases where, in addition to an equal amount in liquidated damages, a plaintiff sought to recover non-economic damages, such as emotional distress damages. See Pineda v. JTCH Apartments, L.L.C., 843 F.3d 1062, 1065 (5th Cir. 2016) (citing the First, Sixth, Seventh, Eighth, and Ninth Circuits and noting "the uniform view of our sister circuits that damages for emotional distress are available" under the FLSA). A plaintiff is also entitled to "a reasonable

The Court finds that the matter concerns a bona fide dispute and the settlement is a fair and reasonable resolution for Plaintiff. The parties explain:

> While Plaintiff believes he is entitled to unpaid overtime, Plaintiff recognizes that based on Defendants' defenses he may not recover anything at trial, and that there is always a potential that the case could be dismissed following discovery pursuant to a Motion for Summary [Judgment]. Likewise, Defendants believe that no liability exists but acknowledge the risk that Plaintiff could receive a favorable judgment at trial. Through the course of the settlement discussions that took place (including discussions during the course of the March 13 settlement conference), the Parties exchanged information which each side believed would serve as support to their respective positions as to Plaintiff's FLSA claims. Both parties agree that there are no time records as to Plaintiff's hours, therefore, at trial, the Parties will need to present to other sources of evidence to prove (and disprove) the hours worked in each relevant workweek.

(Docket No. 16 at 7-8.)

The parties further relate that "[w]hile Plaintiff's counsel believes Plaintiff's claims to be meritorious, she is experienced and realistic, and understands the evidentiary hurdles associated with proving hours worked in the absence of accurate recordkeeping." (Id. at 8.)

The parties conclude:

> Thus, in light of the length of time associated with further litigation, the inherent risks of trial, and the expense of continued litigation, the Parties agree that the Settlement, which includes resolution as to

---

attorney's fee to be paid by the defendant, and costs of the action." Id.

>     Plaintiff's FLSA claims, reflects a mutually
>     satisfactory resolution.  Moreover, the Settlement was
>     the product of extensive arms-length negotiations,
>     much of which was assisted by [Magistrate] Judge [Ann]
>     Donio, which further ensures that the settlement is
>     fair and reasonable.

(Id.)

The Court agrees that these considerations compel the conclusion that the settlement is fair and reasonable under the circumstances. The Court notes that despite apparent proof difficulties and other potential defenses Plaintiff will receive both economic and non-economic damages as contemplated by the statute.[2]

With regard to attorneys' fees, Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages under the FLSA. 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in a FLSA action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Brumley, 2012 WL 1019337, at *9 (citations omitted).

---

[2] The description of the settlement does not expressly address the issue of liquidated damages. However, the amount of non-economic damages is almost five times the amount of lost overtime wages. This suggests that even after accounting for the doubling of actual damages, Plaintiff is still receiving some measure of additional damages beyond actual and liquidated damages.

Plaintiff's counsel relates that $20,290.14 in fees and costs are fair and reasonable because that amount is consistent with the contingency fee agreement entered into between Plaintiff and counsel at the outset of this litigation.

The Court has no reason to question the reasonableness of the amount of attorneys' fees and costs in this case. See Punter v. Jasmin Intern. Corp., 2014 WL 4854446, at *8 (D.N.J. 2014)($17,685.00 in attorney's fee reasonable for FLSA settlement totaling $27,620); Joseph v. Caesar's Entertainment Corp., 2012 WL 12898816, at *3 (D.N.J. 2012)($20,288.50 in fees and costs reasonable for FLSA settlement award of $29,611.50); Cox v. Elite Energy LLC, 2011 WL 4406364, at *6 (D.N.J. 2011)(noting that FLSA claims may involve relatively small monetary awards, and a court "should not reduce a fee award solely on the basis that the attorney's fees are disproportionate to the damage award"); see also Joseph, 2012 WL 12898816, at *2 ("If the parties submit a proposed FLSA settlement and represent that the plaintiff's attorneys' fees was agreed upon separately and without regard to the amount paid to the plaintiff, then the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." (citations and quotations omitted)).

Accordingly, the Court will grant the parties' joint motion

to approve the settlement in the amount of $50,000 inclusive of attorneys' fees and costs.  An appropriate Order will be entered.

Date: May 14, 2019                      s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.